UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-02856-WLH-MAR | Date | March 25, 2026 |
| Title | *Tecla Mendoza Ramirez v. Kristi Noem et al.* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| | |
|---|---|
| Lesbith Castillo | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [9]**

The Court is in receipt of Petitioner's Second Ex Parte Application for Temporary Restraining Order (the "Application") (Dkt. No. 9).  At the time of Petitioner's detention, Respondents failed to immediately refer Petitioner to a reasonable fear screening, despite Petitioner's expression of fear and her counsel's objection to removal without a reasonable fear interview.  ("Declaration of Edita Ghushchyan," Dkt. No. 9 ¶¶ 26-27, 29 30-31) ("Ghushchyan Decl.").

The Court, in applying the *Winter* factors, finds they weigh substantially in favor of granting Petitioner's EPA – at least with respect to her claim that the governing regulations require that she be referred to an asylum officer for a reasonable fear determination.  For the reasons explained herein, the Court **GRANTS** the EPA for TRO in part, thereby **ORDERING** Petitioner to be referred to an asylum officer for a reasonable fear determination within 48 hours of the entry of this Order.  The Court **DENIES** the EPA for TRO in part, without prejudice, where Petitioner has not demonstrated a legal basis to support her immediate release request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## I.    DISCUSSION

### A.    <u>Legal Standard</u>

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  In determining whether to issue a TRO, courts apply the four *Winter* factors (the "*Winter* Factors"), which also guide the evaluation of a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical").

Where a movant seeks a "mandatory injunction," they face a higher burden. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasizing that the plaintiff faced a "doubly demanding" burden for a mandatory injunction).  In this context, a movant must show "the law and facts *clearly* favor her position, not simply that she is likely to succeed." *Id.* (emphasis in original).

### B.    <u>Findings of Fact and Conclusions of Law</u>

The Court, in applying the *Winter* factors, finds they weigh substantially in favor of granting Petitioner's EPA – at least with respect to her claim that the governing regulations require that she be referred to an asylum officer for a reasonable fear determination.  For the reasons explained herein, the Court **GRANTS** the EPA for TRO in part, thereby **ORDERING** Petitioner to be referred to an asylum officer for a reasonable fear determination within 48 hours of the entry of this Order.  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**DENIES** the EPA for TRO in part, where Petitioner has not demonstrated likelihood of success on the merits with respect to her claim for immediate release.

       *1.     Winter Factors Support Granting in Part Petitioner's EPA for TRO*

Turning to the *Winter* Factors, the Court finds that they weigh heavily in favor of granting Petitioner's EPA – at least with respect to her claim that the governing regulations require that she be referred to an asylum officer for a reasonable fear determination.  Petitioner fails, however, to demonstrate likelihood of success on the merits with respect to her claim for immediate release.  The Court addresses each factor in turn.

       a.     <u>Likelihood of Success on the Merits</u>

The first *Winter* factor "'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  Under 8 C.F.R. § 241.8, if a person subjected to a prior removal order expresses fear of returning to the designated country, the officer shall immediately refer the person to an asylum officer for screening under 8 C.F.R. § 208.31.  Petitioner contends in her Petition that governing regulations are mandatory and that pursuant to § 241.8(e), she is entitled to a reasonable fear determination.

The Court finds that Petitioner is entitled to a reasonable fear determination under 8 C.F.R. § 241.8, which mandates that any noncitizen whose prior order of removal has been reinstated pursuant to this Section (as it has been here)[1] shall be promptly referred to

---

[1] Petitioner was removed on December 5, 2012 and reentered the United States on or about December 25, 2016.  ("Notice of Intent/Decision to Reinstate Prior Order," Dkt. No. 14).  In 2017, the previous removal order was reinstated in accordance with Section 241(a)(5) of the Immigration and Nationality Act and Section 241.8.  (*Id.*).  Petitioner acknowledged and signed DHS' Decision to Reinstate Prior Order form and indicated that she did not wish to contest the determination.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

an asylum officer for a reasonable fear interview, upon the petitioner's expression of fear, to determine whether the petitioner has a reasonable fear of persecution or torture.  8 C.F.R. § 241.8(e); *see Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012) ("However, § 241.8(e) creates an exception by which an alien who asserts 'a fear of returning to the country designated' in his reinstated removal order is '*immediately*' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture.") (emphasis added).

The Respondents argue that, in the past, Petitioner withdrew her reasonable fear expression, which Petitioner does not deny, although she does disavow the withdrawal now.  The Court does not read the statute as authorizing Respondents to bar Petitioner from a reasonable fear determination now based on a past withdrawal of a reasonable fear statement.  There is no provision that either party has cited that suggests a past withdrawal equates to a present inability to assert reasonable fear.  As for Petitioner's claim for immediate release, however, the Court does not find that Petitioner is likely to succeed on the merits here because the Court does not find a statutory or constitutional legal basis to support this claim.[2]

In sum, given Petitioner's showing that "the law and facts *clearly* favor her position" with respect to her claim that the governing regulations require that she be referred to an asylum officer for a reasonable fear determination, this first factor weighs in favor of granting the EPA for TRO.  *Garcia*, 786 F.3d at 740 (emphasis in original).

---

[2] The Court, therefore, declines to consider the remainder of the *Winter* Factors for this claim, given that the first *Winter* factor "'is a threshold inquiry and is the most important factor.'"  *Baird*, 81 F.4th at 1042 (quoting *Env't Prot. Info. Ctr.*, 968 F.3d at 989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

b.      Irreparable Harm

A party seeking preliminary relief must also make a "clear showing" of a likelihood of irreparable harm in the absence of the relief requested. *Winter*, 555 U.S. at 22; *see also All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (" . . . plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction). Furthermore, "the Ninth Circuit has recognized the 'irreparable harms imposed on anyone subject to immigration detention' including 'subpar medical and psychiatric care in ICE detention facilities' . . ." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *6 (E.D. Cal. July 16, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017)) (finding irreparable harm where the petitioner was detained far from his family and was at risk of losing his job and housing).

Here, given the Court's conclusion that Petitioner is likely to succeed on the merits of her reasonable fear claim that she suffered a violation of 8 C.F.R. § 241.8(e), the Court finds this factor weighs in favor of granting the EPA. *Chhoeun v. Marin*, 306 F. Supp. 3d 1147, 1162 (C.D. Cal. 2018); *Delkash v. Noem*, No. 5:25-CV-01675-HDV-AGR, 2025 WL 2683988, at *9 (C.D. Cal. Aug. 28, 2025); *Hoac,* 2025 WL 1993771, at *6. While in detention, Petitioner has demonstrated that the failure to be provided with a reasonable fear determination precluded Petitioner from a meaningful opportunity to be heard.

c.      Balance of Equities and Public Interest

Finally, "[t]he balance of the equities and public interest analyses merge when the government is the opposing party, as is the case in this action." *Hoac*, 2025 WL 1993771, at *6. "'Just as the public has an interest in the orderly and efficient administration of this country's immigration laws, [] the public has a strong interest in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

upholding procedural protections against unlawful detention.'" *Id.* (quoting *Vargas v. Jennings,* No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020)).

Here, the Court finds that the "balance of equities and public interest 'tips sharply' in favor of [Petitioner]." *Delkash*, 5:25-cv-01675-HDV-AGR, *10. Petitioner has demonstrated that her right to a reasonable fear screening under § 241.8 has been unlawfully violated. Thus, there is no public interest preserved in the denial of statutorily mandated fear-screening procedures. These factors, therefore, together weigh in favor of granting the EPA in part as to Petitioner's claim that the governing regulations require that she be referred to an asylum officer for a reasonable fear determination and denying in part as to Petitioner's claim for immediate release.

### 2. *Petitioner will not be Required to Provide Security*

Petitioner argues that a bond should not be imposed as Respondents will not suffer a cognizable monetary injury. Federal Rule of Procedure 65 states, "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65. However, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson v. Courturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). Here, there is no realistic likelihood of harm to Respondents if the Court grants the requested TRO in part, and it would likely pose significant hardship to Petitioner to have a bond imposed. The Court will exercise its discretion and waive this requirement.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## II.    CONCLUSION

Because Petitioner is likely to succeed on the merits of this claim and because the remaining *Winter* factors tip sharply in Petitioner's favor, the Court grants Petitioner's Application in part and **ORDERS** Petitioner to be referred to an asylum officer for a reasonable fear determination within 48 hours of the entry of this Order.  The Court **ORDERS** Respondents to submit a status report regarding Petitioner's referral within 72 hours of this Order.   After Respondent's status report is filed, Petitioner is **ORDERED** to address with the Court whether the Application is moot and what further matters are left to be decided in the case.  Thereafter, the Court will issue a scheduling order. Respondents are **ORDERED** to keep Petitioner and her children within the district until the time the Court issues that scheduling order or the Court issues another order lifting this injunction.

Although Petitioner has also requested immediate release, the Court does not find in Petitioner's Application a legal basis for such an order.  Therefore, the Court **DENIES** this portion of the Application without prejudice.

**IT IS SO ORDERED.**